Paul J. Hickey (5-1431)
Quinton L. Parham (7-5699)
Hickey & Evans, LLP
1800 Carey Avenue, Suite 700
P.O. Box 467
Cheyenne, Wyoming 82003
Ph: 307-634-1525
phickey@hickeyevans.com
qparham@hickeyevans.com
*Attorneys for Plaintiffs*



FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

NOV 12 2019  3:45

Margaret Botkins, Clerk
Cheyenne

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| WAYNE COVINGTON, a Wyoming Resident. | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| PLAZA INSURANCE COMPANY, an Iowa company. | ) ) ) ) |
| Defendant. | ) |

19-CV-235-J

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Wayne Covington, by and through his attorneys, Hickey & Evans, LLP, and for his Complaint against Defendant Plaza Insurance Company, pleads and alleges as follows:

### I.    PARTIES, JURISDICTION, AND VENUE

1.    This action arises out of an April 11, 2017 collision between a vehicle owned and operated by Christian T. Williams and a vehicle driven by Plaintiff Wayne Covington in Cheyenne,

Wyoming.

2. Plaintiff, Wayne Covington, is currently and was at all times relevant to the allegations stated herein, a resident of Laramie County, State of Wyoming.

3. Upon information and belief, Defendant Plaza Insurance Company ("Plaza") is an Iowa company with its principal place of business in Missouri. Plaza is an authorized property and casualty insurance company in the States of Wyoming and Colorado.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as this is a civil action with complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is appropriate under 28 U.S.C. § 1391 in the United States District Court for the District of Wyoming because a substantial part of the events giving rise to this claim occurred in the District of Wyoming.

6. This action initially arises out of an April 11, 2017, motor vehicle collision caused by Christian T. Williams, while Plaintiff Wayne Covington was driving a vehicle covered by an insurance policy issued by Plaza. Mr. Covington was severely injured in the collision.

7. At all times relevant to this case, Plaza provided a valid in-force commercial automobile insurance policy with policy # PCSHU009064-00 to Mr. Covington's employer, Rocky Mountain Crude Oil, LLC. The policy provided coverage to Plaintiff as an employee of Rocky Mountain Crude Oil, LLC.

8. Plaintiff Wayne Covington qualifies as an "insured" under policy number PCSHU009064-00 because the policy was issued to his employer, Rocky Mountain Crude Oil, LLC, a limited liability company, and Mr. Covington was occupying an automobile covered by the policy at the time of the April 11, 2017 accident.

## II.  FACTUAL BACKGROUND

9.  Plaintiff hereby incorporates and realleges all statements set forth in Paragraphs Nos. 1 through 8.

10. On April 11, 2017, Plaintiff and his wife were traveling southbound on North College Drive and approaching the intersection of North College Drive and East Pershing Boulevard in Cheyenne, Wyoming.

11. The traffic light was solid green for Plaintiff and his wife to proceed through the intersection of North College Drive and East Pershing Boulevard.

12. At the same time, a vehicle driven by Christian T. Williams was traveling westbound on East Pershing Boulevard and approaching the aforementioned intersection.

13. Mr. Williams drove his vehicle through a solid red light at the intersection. As a result of Mr. Williams' negligence, Plaintiff's vehicle, which had the right of way, collided with the passenger side of Mr. Williams' vehicle in the intersection.

14. Mr. Williams received a citation for his failure to stop at a solid red light, resulting in an accident.

15. Plaintiff was not cited in relation to the collision.

16. As a direct and proximate result of the collision, Plaintiff suffered significant injuries more specifically plead hereinafter.

## III.  PLAINTIFF'S INJURIES

17. Plaintiff hereby restates and realleges all statements set forth in Paragraphs Nos. 1 through 16.

18.     Mr. Covington sustained serious injuries as a direct result of the force and violence of the collision between his vehicle and Mr. Williams' vehicle.

19.     Mr. Covington began suffering from a headache immediately following the accident and also suffered neck injuries as a result of the accident.

20.     Immediately following the accident, Mr. Covington went to Cheyenne Regional Medical Center, where CT scans of his head and spine were obtained to assess the extent and severity of his injuries.

21.     Since the accident, Mr. Covington has suffered from significant neck pain and persistent headaches, which have caused him to seek specialized care.

22.     Specifically, Mr. Covington has received multiple injections, two rhizotomies, and was referred to physical therapy to help relieve his neck pain and headaches. He has also been prescribed various prescription medications to treat his unrelenting headaches.

23.     Unfortunately, these aforementioned methods of treatment were unsuccessful in resolving the neck pain and headaches that Mr. Covington began experiencing immediately following the accident. Accordingly, on March 1, 2019, Mr. Covington underwent a C4-5, C5-6, C6-7 anterior cervical decompression and fusion for the purpose of relieving his neck pain and headaches.

24.     Mr. Covington's neck injuries and headaches were proximately caused by the April 11, 2017 collision.

### IV.     DEFENDANT'S CLAIMS HANDLING

25.     Plaintiff hereby incorporates and realleges all statements set forth in Paragraphs Nos. 1 through 24.

26.     In 2018, Mr. Covington made a claim for insurance benefits against Mr. Williams' auto insurance policy, which was issued by United Services Automobile Association ("USAA").

27.     The policy limits of Mr. Williams' policy were $50,000.00.

28.     Recognizing the severity of the injuries he sustained in the accident, USAA offered Mr. Covington the policy limits of $50,000.00.

29.     In addition to the coverage available from Mr. Williams' USAA policy, Mr. Covington's employer, Rocky Mountain Crude Oil, LLC, purchased a commercial auto coverage insurance policy # PCSHU009064-00 from Defendant Plaza (hereinafter "the Policy"). The Policy provided coverage from January 1, 2017 through January 1, 2018. The Policy provided for One Million Dollars ($1,000,000.00) in uninsured/underinsured motorist coverage defined by the Colorado Uninsured Motorists Coverage – Bodily Injury Endorsement CA 21 50 10 13 (the "Endorsement").

30.     On April 12, 2017, Mr. Covington spoke with Marla Johnson of North American Risk Services, the third party administrator acting on Plaza's behalf with regard to this policy, regarding the accident. Accordingly, Plaza, through its third party administrator North American Risk Services, was promptly notified of the accident.

31.     On April 12, 2017, Marla Johnson sent Mr. Covington a letter advising him that the Policy provides Five Thousand Dollars ($5,000.00) in Medical Payments Coverage for both Mr. Covington and his wife, Barbara.

32.     Rocky Mountain Crude Oil, LLC was the Named Insured under the Policy.

33.     The Endorsement contains the following definition of "Who Is An Insured":

> "If the Named Insured is designated in the Declarations as:
> ***
> **2.** A partnership, limited liability company, corporate or any other form of organization, then the following are 'insureds':

5

> a. Anyone 'occupying' or using a covered 'auto' or a temporary substitute for a covered 'auto'. The covered 'auto' must be out of service because of its breakdown, repair, servicing, 'loss' or destruction."

34. Mr. Covington was occupying a covered auto at the time of the April 11, 2017 accident.

35. The Policy defines "Uninsured motor vehicle" to include "a land motor vehicle . . . [t]hat is an underinsured motor vehicle." Mr. Covington's damages greatly exceed the Fifty Thousand Dollars ($50,000.00) in policy limits provided by Mr. Williams' insurance policy.

36. Pursuant to the language of the Endorsement, upon receiving a policy limits offer from USAA in the amount of Fifty Thousand Dollars ($50,000.00), Mr. Covington sought Plaza's approval to accept USAA's policy limits offer via a letter dated December 3, 2018.

37. On December 31, 2018, Rich Colaluca of North American Risk Services sent a letter on behalf of Plaza granting Mr. Covington permission to settle his bodily injury claim with USAA.

38. The December 31, 2018 letter specifically waived Plaza's subrogation rights against Mr. Williams and USAA.

39. The December 31, 2018 letter also stated that the permission to settle and waiver of subrogation would expire 90 days from the date of the letter in the event that the underlying bodily injury claim was not paid within that time frame.

40. USAA paid Mr. Covington's bodily injury claim within the 90-day time frame set forth in the December 31, 2018 letter.

41. In early-2019, Mr. Covington, through his counsel, provided Plaza with numerous documents related to the accident, as well as the injuries he sustained as a result of the accident, including, but not limited to, medical records and billing records.

42. On September 23, 2019, Mr. Covington submitted a claim – via letter – to Plaza requesting that it pay him the One Million Dollars ($1,000,000.00) in remaining policy limits in accordance with the Policy.

43. The demand was submitted pursuant to WYO. STAT. § 26-15-124, which states in relevant part:

> "(b) Claims for benefits under a property or casualty insurance policy shall be rejected or accepted and paid by the insurer or its agent designated to receive those claims within forty-five (45) days after receipt of the claim and supporting bills.
>
> (c) In any actions or proceedings commenced against any insurance company on any insurance policy or certificate of any type or kind of insurance, or in any case where an insurer is obligated by a liability insurance policy to defend any suit or claim or pay any judgment on behalf of a named insured, if it is determined that the company refuses to pay the full amount of a loss covered by the policy and that the refusal is unreasonable or without cause, any court in which judgment is rendered for a claimant may also award a reasonable sum as an attorney's fee and interest at ten percent (10%) per year."

44. The September 23, 2019 claim included all of Mr. Covington's medical records related to his treatment, as well as opinion letters authored by Dr. Steven J. Beer, M.D. and Dr. Timothy Allen, M.D., which assessed the physical injuries sustained by Mr. Covington as a result of the accident and the prognosis and treatment required to address those injuries.

45. The September 23, 2019 demand also included copies of the medical bills Mr. Covington incurred as a result of the April 11, 2017 accident.

46. The September 23, 2019 demand clearly sets forth the injuries that Mr. Covington sustained as a result of the April 11, 2017 accident and the costs he has incurred as a result of those

injuries. Further, the demand set forth the applicable provisions of the Policy under which Mr. Covington is entitled to receive underinsured benefits.

47.     Plaintiff's September 23, 2019 demand also included a request for payment of the Five Thousand Dollars ($5,000.00) in auto medical payment coverage to which he is entitled under the Policy and to which Plaza has admitted he is entitled.

48.     To date, Plaza has refused to pay any benefits to Mr. Covington under the terms of the Policy.

49.     Throughout the claim process, Mr. Covington has complied with everything that is required of him under the terms the Plaza Policy, which is an insurance contract.

## V.     FIRST CLAIM FOR RELIEF: BREACH OF INSURANCE CONTRACT

50.     Plaintiff hereby incorporates and realleges all statements set forth in Paragraphs Nos. 1 through 49 above.

51.     The Policy is a contract entered into willingly by Mr. Covington's employer, Rocky Mountain Crude Oil, LLC, and Defendant.

52.     Plaintiff is a foreseeable and intended beneficiary of the Policy.

53.     Plaintiff made a claim for benefits under the Policy on September 23, 2019.

54.     Plaintiff has complied with all contractual requirements under the Policy.

55.     Plaintiff is entitled to full underinsured motorist benefits under the Policy.

56.     Defendant does not and cannot dispute that Mr. Covington is entitled to underinsured motorist benefits under the Policy.

57.     Defendant is in breach of contract by not paying Plaintiff the underinsured motorist benefits to which he is entitled under the Policy.

58. Defendant has breached its contractual duties to Plaintiff under the Policy by, without limitation, failing to pay him the compensatory damages for which he became entitled to recover from Mr. Williams as a result of the April 11, 2017 accident, in accordance with the underinsured motorist coverage provided by the Policy.

59. Defendant's breach of the Policy has caused Plaintiff to suffer damages, which are described in more detail below.

## VI.   SECOND CLAIM FOR RELIEF: STATUTORY ATTORNEYS' FEES PURSUANT TO WYO. STAT. § 26-15-124

60. Plaintiff hereby incorporates and realleges all statements set forth in Paragraphs Nos. 1 through 59 above.

61. Plaintiff submitted his claim in accordance with WYO. STAT. § 26-15-124.

62. Defendant has failed to timely and properly pay Plaintiff's claim for benefits covered by the Policy.

63. Defendant's failure to pay the full amount of underinsured motorist benefits to which Plaintiff is entitled is unreasonable or without cause.

64. Defendant's statutory violation is subject to statutory remedies and has proximately caused Plaintiff to suffer damages.

65. Plaintiff hereby requests attorney's fees and ten percent (10%) interest pursuant to WYO. STAT. § 26-15-124(c), said amounts to be proven at trial or by motion after judgment under Rule 54(d) of the Federal Rules of Civil Procedure.

## VII.   DAMAGES AND PRAYER FOR RELIEF

66. Plaintiff hereby incorporates and realleges all statements set forth in Paragraphs Nos. 1 through 65 above.

67. As a direct and proximate result of Defendant's breach of contract and statutory violations, Plaintiff Wayne Covington sustained damages in an amount to be proven at trial entitling Mr. Covington to a monetary award against the Defendant for the following elements of damage, which include, without limitation:

    a. Past and future medical expenses;

    b. Past and future pecuniary loss;

    c. Past and future pain and suffering;

    d. Past and future enjoyment of life;

    e. Past and future disability;

    f. Past and future disfigurement;

    g. Wrongfully withheld contractual benefits;

    h. Attorney's fees and litigation costs;

    i. Prejudgment interest; and

    j. Statutory damages.

WHEREFORE, Plaintiff prays that the Court enter judgment for Plaintiff and against Defendant as set forth in the following prayer:

1. For a judgment against Defendant in the principal amount of One Million and Five Thousand Dollars ($1,005,000.00), which represents the limit of underinsured motorist benefits available to Plaintiff under the Policy and the five thousand dollars in auto medical payment coverage to which Defendant has already admitted Plaintiff is owed;

2. Awarding Plaintiff his costs, prejudgment interest, and attorney's fees;

3. And for such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a six-person jury trial on all issues triable to a jury.

Respectfully submitted this 12th day of November, 2019.

WAYNE COVINGTON

*/s/ Paul J. Hickey*

Paul J. Hickey (#5-1431)
Quinton L. Parham (#7-5699)
Hickey & Evans, LLP
1800 Carey Avenue, Suite 700
P.O. Box 467
Cheyenne, WY 82003
Ph: (307) 634-1525
phickey@hickeyevans.com
qparham@hickeyevans.com

ATTORNEYS FOR PLAINTIFF